UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| B N R PRODUCTION PARTNERS, LLC | CIVIL ACTION NO. 24-cv-526 |
| VERSUS | JUDGE EDWARDS |
| J-BIRD WELL SERVICE, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

BNR Productions Partners, LLC ("BNR") filed this civil RICO action against its former employees Alexis Sarkozi and Orville F. "Fred" Sarkozi, II and several business entities based on allegations of fraud and improper diversion of BNR's assets. Before the court is BNR's **Motion for Sanctions and Relief for Spoliation of Evidence (Doc. 49)**. For the reasons that follow, the motion is **granted in part and denied in part**.

BNR alleges that Fred and Alexis Sarkozi are former employees of BNR and that while employed with BNR they held responsibility for the management, maintenance, and organization of BNR's books, records, and accounting information. BNR alleges that the Sarkozis were dismissed from BNR for cause on May 23, 2023 and were notified to retain documents and communications relevant to their employment pending future litigation.

BNR alleges that the Sarkozis were provided with three computers for the purposes of conducting their duties and maintaining BNR's records. BNR alleges that the Sarkozis refused to return two of the computers, a laptop and a desktop, when they were dismissed, and BNR did not recover the computers until February 5, 2024. BNR had a data recovery expert open the computers and learned that all user profiles, including all specific data,

settings, documents, downloads, images, and program preferences saved on the computer, were completely erased. BNR alleges that Alexis and/or Fred Sarkozi also destroyed important physical documents related to the removed electronically stored information.

BNR alleges that this spoliation of evidence has created significant difficulties in BNR's daily operations and has prevented BNR from locating key information relevant to this litigation, compromising BNR's ability to present its case. BNR prays that the court do the following:

1. Preclude Defendants from arguing or presenting testimony that no evidence exists to support BNR's claims against the Defendants, where such evidence reasonably could have been saved in or available from the erased computers or missing documents;

2. Instruct the jury that Alexis and Fred destroyed relevant data that may have been probative of their knowledge, intent, and/or actions, which the jury may consider in reaching their decision;

3. Grant BNR an inference that the destroyed information was unfavorable to Defendants' position; and

4. Award BNR attorney fees/costs for investigating this situation, attempting to recover the destroyed information, and filing the instant motion.

The Sarkozis allege that BNR provided Alexis with a desktop computer to use at home while recovering from surgery. She used the computer to prepare biweekly payroll and upload payroll spreadsheets to a payroll service provider. She also used the computer to maintain an up-to-date listing of BNR payables and to access her BNR email account. After she returned to work, she kept the desktop computer at home and used it to check her BNR email account during non-business hours and for personal purposes.

The Sarkozis allege that, after their termination from BNR, Alexis took the desktop computer to a local computer store to have all of their personal information removed from the computer. They allege that the action was taken in good faith to protect personal privacy and that there were no BNR business records or files that existed on the computer. They also allege that Alexis did not destroy any physical records.

The Fifth Circuit succinctly summarized the law applicable to spoliation of evidence as follows:

> Allegations of spoliation, including the destruction of evidence in pending or reasonably foreseeable litigation, are addressed in federal courts through the inherent power to regulate the litigation process, if the conduct occurs before a case is filed or if, for another reason, there is no statute or rule that adequately addresses the conduct. When evaluating allegations regarding spoliation of evidence, federal courts sitting in diversity are to apply federal evidentiary rules rather than state spoliation laws. A plaintiff alleging spoliation must establish that the defendant intentionally destroyed the evidence for the purpose of depriving opposing parties of its use. It is insufficient to show that a party acted negligently, rather than intentionally, in spoliating the evidence.
>
> A spoliation claim has three elements: (1) the spoliating party must have controlled the evidence and been under an obligation to preserve it at the time of destruction; (2) the evidence must have been intentionally destroyed; and (3) the moving party must show that the spoliating party acted in bad faith.
>
> A party seeking the sanction of an adverse-inference instruction based on spoliation of evidence must establish that: (1) the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

<u>Coastal Bridge Co., L.L.C. v. Heatec, Inc.</u>, 833 Fed. Appx. 565, 573-74 (5th Cir. 2020) (cleaned up).

The elements for spoliation are met in this case. First, the Sarkozis were entrusted with a work computer during Alexis' recovery from surgery. Upon their termination, they were instructed to preserve evidence pending future litigation. Second, the timing of the "wipe" of personal information from the computer is highly suspicious, which suggests intentional destruction and bad faith. Third, the evidence was relevant to BNR's claims. The Sarkozis claim that no BNR business records were on the computer when they removed their "personal" information on the computer. However, the Sarkozis admit that Alexis used the computer to prepare payroll, upload spreadsheets, and check her work email.

The undersigned leaves to the district judge the remedy for this spoliation of evidence. He may instruct the jury that the Sarkozis destroyed relevant information and that the jury should consider that such evidence was unfavorable to the Sarkozis' legal position. These issues and potential remedies will likely come into clearer focus as the parties complete the remaining discovery and prepare the pretrial order.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of September, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge