UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| B N R PRODUCTION PARTNERS, LLC | CIVIL ACTION NO. 24-cv-526 |
| VERSUS | JUDGE EDWARDS |
| J-BIRD WELL SERVICE, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

On May 2, 2025, Defendants filed a Motion to Compel (Doc. 42) that alleged that Plaintiff BNR Production Partners, LLC had failed to respond to Defendants' requests for production of documents. On May 5, 2025, the court granted the motion and ordered BNR to produce responses to the requests for production within 14 days. Doc. 43. BNR filed a Motion for Reconsideration, for Discovery Conference, and for Additional Time to Provide Complete Responses to Requests for Production (Doc. 44) and represented that it had spent significant time identifying and collecting documents for production and identified over 20,000 unique records and documents. BNR represented that it had limited personnel available for processing the voluminous document requests. The court denied the motion for reconsideration and ordered BNR to respond to the outstanding discovery by July 11, 2025.

Before the court is Defendants' **Motion for Sanctions (Doc. 53)**, which alleges that BNR has failed to comply with the court's May 5, 2025 order to respond to outstanding discovery requests by July 11, 2025. BNR responds that on May 19, 2025 it produced written responses to the requests for production along with 1,389 pages of responsive

documents. BNR alleges that it is unable to provide additional documents because Defendants paid a computer company to erase the computers on which additional documents were maintained.[1] BNR alleges that it has identified at least 30,000 potentially responsive emails, many of which would have been stored on the erased computers. BNR also argues that the requests for emails as overbroad, unduly burdensome, and not reasonably limited in scope as to time, subject matter, or relevance. BNR argues that the costs of recovery and processing of all of the potentially responsive emails to identify specific nonprivileged documents for production is not proportional to the needs of the case and that such work would not be possible for BNR to accomplish.

Defendants reply that BNR has had over a year to gather, review, and produce responsive documents. Defendants argue that BNR has filed a lawsuit against them under RICO alleging fraud, theft, and other serious causes of action and seeks substantial monetary damages. Defendants state that BNR must produce the responsive documents it has identified.

The court agrees with Defendants. BNR must produce the responsive documents, including emails, within 14 days of the date of this order. The information is proportional and directly relevant to the claims in this case. RICO cases are notoriously complicated. A party may not file a civil RICO action and then claim, without more, that the discovery will be burdensome or expensive. Accordingly, the motion for sanctions is **granted**. If

---

[1] This spoliation issue is addressed in BNR's Motion for Sanctions (Doc. 49).

BNR does not comply with this order timely, the court will recommend that BNR's lawsuit be dismissed under Rule 37(b)(2)(A)(v).

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of September, 2025.

                                      Mark L. Hornsby
                                      U.S. Magistrate Judge